USCA1 Opinion

 

 October 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1686 DENNIS SCHNEIDER, Plaintiff, Appellant, v. JOSEPH S. TRETOLA, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Dennis Schneider on Motion for Summary Disposition pro se. ________________ James G. Healy and Healy and Healy, P.C. on Motion for Summary _______________ ______________________ Disposition, for appellees Joseph S. Tretola, Brookside House, Inc., and Brookside House Trust. Kevin Madden on Motion for Summary Disposition, for appellee _____________ Wayne M. Gray. ____________________ ____________________ Per Curiam. Plaintiff's action was properly ____________ dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action. 1. The defendants, all private persons, can not be held liable under 42 U.S.C. 1983 for their alleged acts in employing "false representations and phony process to induce the policemen to falsely arrest" and imprison plaintiff because the private defendants' actions do not constitute "state action," a requisite of a 1983 cause of action. See Daniel v. Ferguson, ___ ______ ________ 839 F.2d 1124, 1129-31 (5th Cir. 1988) (even if private defendant did provide police with false information, the state action requirement for 1983 liability was not satisfied since "[p]olice reliance in making an arrest on information given by a private party does not make the private party a state actor"). Plaintiff's citation below to Canty v. Richmond, 383 F. Supp. _____ ________ 1396 (E.D. Va. 1974), was unavailing to establish the state action requirement because in that case, the plaintiff alleged that the private defendants had conspired with governmental actors to falsely arrest him. Although a conspiracy between official and private actors is one means through which the state action requirement can be satisfied, plaintiff did not allege in the present case such an agreement between the police and defendants to violate plaintiff's rights. Instead, he contended that defendants had misled the police with false statements and phony documents. 2. Nor did plaintiff state a claim under 42 U.S.C. 1985(2) for conspiracy to obstruct state court proceedings because plaintiff failed to allege that defendants were motivated by any class-based, invidiously discriminatory animus. Hahn v. ____ Sargent, 523 F.2d 461, 469 (1st Cir. 1975) (class-based, _______ invidiously discriminatory animus is required for liability under 1985(2) for conspiring to obstruct justice in state court proceedings), cert. denied, 425 U.S. 904 (1976). ____________ 3. If plaintiff intended to assert a state law tort action for false arrest and false imprisonment, plaintiff did not allege diversity jurisdiction and failed to establish any basis for the federal district court to exercise jurisdiction over state law tort claims. Affirmed. ________ - 3 -